IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                                          :   Chapter 11
                                                                :
MIDWAY GAMES INC., *et al.*,                                    :
                                                                :   Case No. 09-10465 (KG)
         Debtors.                                               :   (Jointly Administered)
---------------------------------------------------------------x

## NOTICE OF APPEAL

Joseph A. Califano, Jr., William C. Bartholomay, and Robert N. Waxman, independent directors (collectively, the "Independent Directors") of Midway Games Inc., *et al.* (collectively, the "Debtors")[1], hereby appeal to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 158(a) and Rules 8001(a) and 8002(a) of the Federal Rules of Bankruptcy Procedure, from that portion of paragraph eight of the order of the United States Bankruptcy Court for the District of Delaware (per the Honorable Kevin Gross), dated April 9, 2009, and entered in the above-captioned chapter 11 cases on April 9, 2009, Authorizing Use of Cash Collateral, Granting Adequate Protection and Granting Related Relief (the "Order"), which grants the Official Committee of Unsecured Creditors derivative standing to "investigate, assert and/or prosecute" claims against the present and former independent directors of the Debtors, including the Independent Directors.

The parties to the Order appealed from and the names and addresses of their respective attorneys are as follows:

---

[1] The Debtors are: Midway Games Inc., Midway Home Entertainment Inc., Midway Amusement Games, LLC, Midway Interactive Inc., Surreal Software Inc., Midway Studios - Austin Inc., Midway Studios - Los Angeles Inc., Midway Games West Inc., Midway Home Studios Inc., and Midway Sales Company, LLC.

**Counsel to the Official Committee of Unsecured Creditors**

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Linda Dakin-Grimm
(212) 530-5000

Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Attn: Mark D. Collins
(302) 651-7700

**Counsel to the Debtors**

Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Attn: Jeffrey N. Siegel
(212) 885-5000

Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Attn: Michael D. DeBaecke
(302) 425-6400

**Counsel to Acquisition Holdings Subsidiary I, LLC**

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Attn: Timothy P. Harkness
(212) 715-9100

Pachulski Stang Ziehl & Jones LLP
919 North Market Streets, 17th Floor
Wilmington, Delaware 19801
Attn: Laura Davis Jones
(302) 652-4100

**Interested Party**

Office of U.S. Trustee
844 King Street, Suite 2207, Lockbox 35
Wilmington, Delaware 19801
Attn: David L Buchbinder. Esq.
(302) 573-6491

Dated: April 20, 2009

**DEWEY & LEBOEUF LLP**

/s/ Richard W. Reinthaler
Richard W. Reinthaler (pro hac vice)
Timothy Q. Karcher (pro hac vice)
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333
*Counsel to the Independent Directors of Midway Games Inc.*

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| MIDWAY GAMES, INC., *et al.*,[1] | Case No. 09-10465 (KG) |
| Debtors. | Re: Docket No. 14 |

**FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL, GRANTING
ADEQUATE PROTECTION AND GRANTING RELATED RELIEF**

Upon consideration of the *Motion of the Debtors Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure for Entry of Interim and Final Orders: (A) Authorizing the Debtors to Use Cash Collateral; (B) Determining Adequate Protection Pending Final Hearing; (C) Scheduling Final Hearing; and (D) Granting Related Relief* [Docket No. 14] (the "Motion") filed by the above-captioned debtors and debtors in possession (the "Debtors"); the Court having, considered the objections to the Motion filed by the Official Committee of Unsecured Creditors (the "Committee") [Docket Nos. 88 and 216] and others [Docket Nos. 19 and 100] (collectively, the "Objections"), having conducted evidentiary hearings on the Motion and the Objections on April 1, 2009 and April 6, 2009 (the "Hearings") and having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and it appearing that due and adequate notice of the Motion has been given, based upon the

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Midway Games Inc., a Delaware corporation (6244); Midway Home Entertainment Inc., a Delaware corporation (3621); Midway Amusement Games, LLC, a Delaware limited liability company (4179); Midway Interactive Inc., a Delaware corporation (6756); Surreal Software Inc., a Washington corporation (1785); Midway Studios - Austin Inc., a Texas Corporation (2584); Midway Studios - Los Angeles Inc., a California corporation (1153); Midway Games West Inc., a California corporation (8756); Midway Home Studios Inc., a Delaware corporation (8429); and Midway Sales Company, LLC, a Delaware limited liability company.

LA1:#6402199
RLF1-3385570-2

substantial evidence introduced and arguments made at the Hearings, and for all of the reasons set forth by the Court on the record at the Hearings,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized to use Cash Collateral (as that term is defined in the Motion and within the meaning set forth in 11 U.S.C. § 363(a)).

2. To the extent that the alleged prepetition lender, Acquisition Holdings Subsidiary I LLC ("AHS") holds a valid, perfected, nonavoidable security interest in property of the Debtors that AHS asserts to constitute its collateral (the "Prepetition Collateral"), AHS shall receive a postpetition replacement lien and security interest in the same type of property as the Prepetition Collateral that is created or acquired after the Petition Date and any and all proceeds, products, cash, distributions, checks, negotiable instruments, securities (debt or equity) and other cash equivalents now or hereafter received by the Debtors in respect thereof (the "Replacement Lien"). The Replacement Lien shall have the same validity and priority as AHS' alleged liens and security interests in the Prepetition Collateral. The Replacement Liens shall secure an amount equal to the aggregate diminution in value of the Prepetition Collateral from the Petition Date resulting from the sale, lease or use by the Debtors of Cash Collateral and any other Prepetition Collateral and to which AHS is entitled to receive adequate protection under the Bankruptcy Code. Notwithstanding anything to the contrary in this Order, AHS shall not have a Replacement Lien on any claim of the estates or proceeds thereof that arises out of, or relates to (a) chapter 5 of the Bankruptcy Code or any similar state law, (b) any transaction by and between National Amusements, Inc. ("NAI") or any of its affiliates, insiders or shareholders on the one hand, and any of the Debtors on the other hand, (c) transactions that led to AHS, and/or any of AHS's affiliates, insiders or shareholders, becoming the majority owner of the

Debtors and the owner of claims against the Debtors previously held by NAI and (d) any action or omission of any insider or affiliate of the Debtors including, without limitation, NAI, AHS, or any of their respective affiliates, insiders or shareholders, in connection with any of the Debtors. The Court retains the ability to modify the scope of the Replacement Lien to the extent necessary to prevent an unjust enrichment to AHS or its affiliates or assignees, and the rights of all parties-in-interest in connection with any request for such modification are reserved.

3.    Subject to the provisions of paragraph 2 above, this Order shall be sufficient and conclusive evidence of the creation, validity, enforceability, perfection, and priority of the Postpetition Liens, without the necessity of filing or recording any financing statement or other instrument or document, or taking any other act which may otherwise be required under state or federal law, rule or regulation of any jurisdiction to validate or perfect the Postpetition Liens or to entitle AHS to the priority granted herein. In addition to and without limiting the foregoing, the Debtors shall execute such instruments as AHS may so request to evidence, perfect, enforce or protect the priority of the Postpetition Liens as a matter of non-bankruptcy law, and AHS is hereby authorized to file financing statements with respect to the Postpetition Liens in any recording office. All filing officers are hereby directed to accept a certified copy of this Order for filing and recording in lieu of a UCC financing statement and no such filing or recording of any instrument otherwise necessary or desirable to evidence, perfect, enforce or protect the priority of the Postpetition Liens under non-bankruptcy law shall constitute a violation of the automatic stay or otherwise act to limit the terms of this Order.

4. The Debtors shall continue to deposit on a quarterly basis interest into a separate, interest bearing escrow account maintained in the name of the Midway Games, Inc., in an amount equal to accrued and unpaid interest at the non-default rate under the Prepetition Facility. All funds deposited into the escrow account shall be subject to any lien of AHS; provided, however, that no funds deposited into such account shall be paid to AHS absent further order of the Court; and provided further, that all parties' rights are reserved with respect to such funds.

5. AHS reserves all rights to reasonably request such financial and operating reports and access to all other books and records of the Debtors (the "Reports") as the Debtors have provided prior to the Petition Date pursuant to the terms of the Prepetition Facility (as defined in the Motion). AHS further reserves all rights to request (i) reasonable access to or copies of the financial records of the Debtors, (ii) reasonable access to the Debtors' premises to inspect the Debtors' assets and operations, and (iii) reasonable access to all information in the possession or control of the Debtors; (iv) reasonable access to the Debtors' personnel and advisors, concerning all matters related to the Debtors, including, without limitation, matters relating to the sale of any Prepetition Collateral in the ordinary course of business of the Debtors.

6. The Debtors shall not reimburse or otherwise pay any fees or expenses incurred directly or indirectly by or on behalf of AHS, or any insider or affiliate of AHS, without a further order of the Court.

7. The Debtors' use of Cash Collateral is not conditioned upon any restriction on the payment of the professional fees and expenses of the Committee that are allowed by the Court after notice and a hearing or as otherwise authorized for payment in

LA1:#6402199
RLF1-3385570-2

compliance with any order of the Court entered with respect to the payment of professional fees and expenses.

8. The Committee is authorized to investigate, assert and/or prosecute on behalf of the Debtors' estates any and all claims of the estates against any party that arise out of, or relate to (a) any transaction by and between NAI or any of its affiliates or shareholders on the one hand, and any of the Debtors on the other hand, (b) transactions that led to AHS, and/or any of AHS's affiliates, insiders or shareholders, becoming the majority owner of the Debtors and the owner of claims against the Debtors previously held by NAI and (c) any action or omission of any insider or affiliate of the Debtors including, without limitation, NAI, AHS, or any of their respective affiliates, insiders or shareholders, in connection with any of the Debtors.

9. AHS's right to request modification of this Order at a later date and the rights of other parties-in-interest in connection with any such request are hereby reserved.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: April 9, 2009
Wilmington, Delaware

*/s/ Kevin Gross*
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

I, *Timothy Q. Karcher,* hereby certify that on April 20, 2009, I caused a copy of the following document to be served on the *"Notice Parties"* listed below via First Class Mail:

**Notice of Appeal**

/s/ Timothy Q. Karcher
Timothy Q. Karcher

Honorable Kevin Gross
United States Bankruptcy Court, District of Delaware
824 North Market Street
3rd Floor
Wilmington, Delaware 19801

Deborah K. Fulton
Midway Games Inc.
2704 West Roscoe Street
Chicago, IL 60618

## 2002 SERVICE LIST

BLANK ROME LLP
ATTN: MICHAEL D. DEBAECKE
1201 MARKET STREET
WILMINGTON, DE 19802

OFFICE OF THE UNITED STATES TRUSTEE
ATTN: DAVID L. BUCHBINDER, ESQ.
844 KING STREET, SUITE 2313
LOCKBOX 35
WILMINGTON, DE 19801-3519

US ATTORNEY'S OFFICE
ELLEN W. SLIGHTS
1007 NORTH ORANGE STREET
SUITE 700
PO BOX 2046
WILMINGTON, DE 19899-2046

STATE OF DELAWARE
DIVISION OF REVENUE-8TH FLOOR
ATTN RANDY R. WELLER - MS #25
820 N. FRENCH STREET
WILMINGTON, DE 19801-0820

DEPARTMENT OF LABOR
DIVISION OF UNEMPLOYMENT INS.
4425 N. MARKET STREET
WILMINGTON, DE 19802

DELAWARE SECRETARY OF STATE
DIVISION OF CORPORATIONS
FRANCHISE TAX DIVISION
PO BOX 7040
DOVER, DE 19903

SECRETARY OF THE TREASURY
PO BOX 7040
DOVER, DE 19903

PACHULSKI STANG ZIEHL & JONES LLP
LAURA DAVIS JONES, ESQ.
TIMOTHY P. CAIRNS, ESQ.
919 N. MARKET STREET, 17TH FLOOR
PO BOX 8705
WILMINGTON, DE 19801

CONNOLLY BOVE LODGE & HUTZ LLP
ATTN: KAREN BIFFERATO, ESQ.
COUNSEL TO RREEF DOMAIN, LP
1007 NORTH ORANGE STREET
P.O. BOX 2207
WILMINGTON, DE 19899

| | | |
|---|---|---|
| RICHARDS, LAYTON & FINGER P.A.<br>MARCK D. COLLINS<br>COUNSEL TO THE COMMITTEE<br>ONE RODNEY SQUARE<br>920 NORTH KING STREET<br>WILMINGTON, DE 19899 | MIDWAY GAMES INC.<br>ATTN: MATT BOOTY; RYAN O'DESKY<br>2704 WEST ROSCOE ST.<br>CHICAGO, IL 60618 | BLANK ROME LLP<br>ATTN: MARC E. RICHARDS;<br>PAMELA E. FLAHERTY<br>THE CHRYSLER BUILDING<br>405 LEXINGTON AVENUE<br>NEW YORK, NY 10174 |
| KRAMER LEVIN NAFTALIS & FRANKEL, LLP<br>ATTN: PETER ABRUZZESE, ESQ.;<br>PETER KOLEVZON, ESQ.;<br>GORDON NOVOD, ESQ.<br>COUNSEL TO ACQUISITIONS HOLDINGS<br>SUBSIDIARY I, LLC<br>1177 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036 | LAZARD FRERES & CO.<br>ATTN: JEFFREY SECHREST;<br>BARRY RIDINGS<br>30 ROCKEFELLER PLAZA<br>NEW YORK, NY 10020 | DEWEY & LEBOEUF LLP<br>ATTN: FREDERICK KANNER;<br>TIMOTHY KARCHER;<br>RICHARD W. REINTHALER<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019 |
| FTI CONSULTING<br>ATTN: CHRIS NICHOLLS<br>3 TIMES SQUARE, 10TH FLOOR<br>NEW YORK, NY 10036 | MILBANK, TWEED, HADLEY & MCCLOY LLP<br>ATTN: GREGORY A. BRAY<br>1 CHASE MANHATTAN PLAZA<br>NEW YORK, NY 10005 | MILBANK, TWEED, HADLEY & MCCLOY LLP<br>ATTN: DAVID ZOLKIN; LINDA DAKIN-GRIMM<br>601 SOUTH FIGUEROA ST., 30TH FLOOR<br>LOS ANGELES, CA 90017 |
| MESIROW FINANCIAL CONSULTING, LLC<br>ATTN: LARRY LATTIG<br>2828 ROUTH STREET, SUITE 650<br>DALLAS, TX 75201 | KELLEY DRYE & WARREN LLP<br>ATTN: DAVID E. RETTER, ESQ.;<br>PAMELA BRUZZESE-SZCZYGIEL, ESQ.;<br>AMANDA C. FRIED, ESQ.<br>101 PARK AVENUE<br>NEW YORK, NY 10178-0002 | WELLS FARGO BANK, N.A.<br>ATTN: JAMES R. LEWIS<br>45 BROADWAY, 17TH FLOOR<br>NEW YORK, NY 10006 |
| HIGHBRIDGE INTERNATIONAL LLC<br>ATTN: ADAM J. CHILL<br>C/O HIGHBRIDGE CAPITAL MANAGEMENT LLC<br>9 WEST 57TH STREET, 27TH FLOOR<br>NEW YORK, NY 10019 | NBA PROPERTIES, INC.<br>ATTN: HARVEY E. BENJAMIN<br>645 FIFTH AVENUE<br>NEW YORK, NY 10502 | FARSIGHT TECHNOLOGIES, INC.<br>ATTN: JAY PHILLIP OBERNOLTE<br>611 SPRUCE RD.<br>BIG BEAR LAKE, CA 92315-2895 |
| MULTI PACKAGING SOLUTIONS, INC.<br>ATTN: WILLIAM HOGAN<br>150 EAST 52ND STREET<br>NEW YORK, NY 10022 | BARBEE & GEHRT, LLP<br>ATTN: JENNIFER A. GEHRT, ESQ.<br>1201 MAIN STREET, SUITE 1910<br>DALLAS, TX 75202-4409 | BUCHALTER NEMER<br>ATTN: SHAWN M. CHRISTIANSON, ESQ.<br>333 MARKET STREET, 25TH FLOOR<br>SAN FRANCISCO, CA 94105-2126 |
| FTI CONSULTING<br>ATTN: JAROD WADA<br>ONE FRONT STREET, SUITE 1600<br>SAN FRANCISCO, CA 94111 | FTI CONSULTING<br>ATTN: JIM DEROSE, DIRECTOR<br>1001 17TH STREET, SUITE 1100<br>DENVER, CO 80202 | HUNTON & WILLIAMS LLP<br>ATTN: JOHN BURNS<br>421 FAYETTEVILLE STREET, SUITE 1400<br>RALEIGH, NC 27601 |

INTERNAL REVENUE SERVICE
INSOLVENCY SECTION
31 HOPKINS PLAZA, ROOM 1150
BALTIMORE, MD 21201

J. SCOTT DOUGLAS
909 FANNIN, SUITE 1800
HOUSTON, TX 77010

K&L GATES LLP
ATTN: MICHAEL J. GEARIN
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104

KELLEY DRYE & WARREN LLP
ATTN: DAVID E. RETTER, ESQ.
PAMELA BRUZZESE-SZCZYGIEL, ESQ.
AMANDA FRIED, ESQ.
101 PARK AVENUE
NEW YORK, NY 10178-0002

KELLEY DRYE & WARREN LLP
ATTN: JAMES S. CARR, ESQ.
GABRIELLE ROHWER, ESQ.
101 PARK AVENUE,
NEW YORK, NY 10178

LAZARD FRERES & CO
ATTN: ADNAN ZAMAN
A. KAYVON BINA
30 ROCKEFELLER PLAZA
NEW YORK, NY 10020

LINEBARGER GOGGAN BLAIR SAMPSON, LLP
ATTN: ELIZABETH WELLER
2323 BRYAN STREET, SUITE 1600
DALLAS, TX 75201

NELSON FELKER TOCZEK DAVIS LLP
ATTN: GEORGE DAVIS
10880 WILSHIRE BLVD., SUITE 2070
LOS ANGELES, CA 90024

PERDUE, BRANDON, FIELDER, COLLINS & MOTT, LLP
C/O ELIZABETH BANDA
PO BOX 13430
ARLINGTON, TX 76094-0430

SECURITIES & EXCHANGE COMMISSION
15TH PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20020

SECURITIES & EXCHANGE COMMISSION
ATTN: NATHAN FUCHS
233 BROADWAY
NEW YORK, NY 10279

SHEARMAN & STERLING, LLP
ATTN: SUSAN A. FENNESSEY
599 LEXINGTON AVENUE
NEW YORK, NY 10022

SOLOMON WARD SEIDENWURM & SMITH
ATTN: MICHAEL D. BRESLAUER, ESQ.
401 B. STREET, SUITE 1200
SAN DIEGO, CA 92101

THE SEAPORT GROUP, LLC
ATTN: SCOTT FRIEDBERG
360 MADISON AVENUE, 22ND FLOOR
NEW YORK, NY 10017

TW TELECOM, INC.
ATTN: LINDA BOYLE
10475 PARK MEADOWS DRIVE, #400
LITTLETON, CO 80124

US ATTORNEY GENERAL
US DEPARTMENT OF JUSTICE
MICHAEL B. MUKASEY
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001

US SECURITIES & EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
ATTN: ALISTER BAMBACH
3 WORLD FINANCIAL CENTER, SUITE 400
NEW YORK, NY 10281-1022

WARNER BROS. ENTERTAINMENT
ATTN: WAYNE M. SMITH, ESQ.
4000 WARNER BLVD.
BLDG. 156, ROOM 5158
BURBANK, CA 91522