IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| MIDWAY GAMES, INC., *et al.*,[1] | ) Case No. 09-10465 (KG) |
| Debtors. | ) Re: Docket No. 14 |

## FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL, GRANTING ADEQUATE PROTECTION AND GRANTING RELATED RELIEF

Upon consideration of the *Motion of the Debtors Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure for Entry of Interim and Final Orders: (A) Authorizing the Debtors to Use Cash Collateral; (B) Determining Adequate Protection Pending Final Hearing; (C) Scheduling Final Hearing; and (D) Granting Related Relief* [Docket No. 14] (the "Motion") filed by the above-captioned debtors and debtors in possession (the "Debtors"); the Court having, considered the objections to the Motion filed by the Official Committee of Unsecured Creditors (the "Committee") [Docket Nos. 88 and 216] and others [Docket Nos. 19 and 100] (collectively, the "Objections"), having conducted evidentiary hearings on the Motion and the Objections on April 1, 2009 and April 6, 2009 (the "Hearings") and having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and it appearing that due and adequate notice of the Motion has been given, based upon the

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Midway Games Inc., a Delaware corporation (6244); Midway Home Entertainment Inc., a Delaware corporation (3621); Midway Amusement Games, LLC, a Delaware limited liability company (4179); Midway Interactive Inc., a Delaware corporation (6756); Surreal Software Inc., a Washington corporation (1785); Midway Studios - Austin Inc., a Texas Corporation (2584); Midway Studios - Los Angeles Inc., a California corporation (1153); Midway Games West Inc., a California corporation (8756); Midway Home Studios Inc., a Delaware corporation (8429); and Midway Sales Company, LLC, a Delaware limited liability company.

LA1:#6402199
RLF1-3385570-2

substantial evidence introduced and arguments made at the Hearings, and for all of the reasons set forth by the Court on the record at the Hearings,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized to use Cash Collateral (as that term is defined in the Motion and within the meaning set forth in 11 U.S.C. § 363(a)).

2. To the extent that the alleged prepetition lender, Acquisition Holdings Subsidiary I LLC ("AHS") holds a valid, perfected, nonavoidable security interest in property of the Debtors that AHS asserts to constitute its collateral (the "Prepetition Collateral"), AHS shall receive a postpetition replacement lien and security interest in the same type of property as the Prepetition Collateral that is created or acquired after the Petition Date and any and all proceeds, products, cash, distributions, checks, negotiable instruments, securities (debt or equity) and other cash equivalents now or hereafter received by the Debtors in respect thereof (the "Replacement Lien"). The Replacement Lien shall have the same validity and priority as AHS' alleged liens and security interests in the Prepetition Collateral. The Replacement Liens shall secure an amount equal to the aggregate diminution in value of the Prepetition Collateral from the Petition Date resulting from the sale, lease or use by the Debtors of Cash Collateral and any other Prepetition Collateral and to which AHS is entitled to receive adequate protection under the Bankruptcy Code. Notwithstanding anything to the contrary in this Order, AHS shall not have a Replacement Lien on any claim of the estates or proceeds thereof that arises out of, or relates to (a) chapter 5 of the Bankruptcy Code or any similar state law, (b) any transaction by and between National Amusements, Inc. ("NAI") or any of its affiliates, insiders or shareholders on the one hand, and any of the Debtors on the other hand, (c) transactions that led to AHS, and/or any of AHS's affiliates, insiders or shareholders, becoming the majority owner of the

Debtors and the owner of claims against the Debtors previously held by NAI and (d) any action or omission of any insider or affiliate of the Debtors including, without limitation, NAI, AHS, or any of their respective affiliates, insiders or shareholders, in connection with any of the Debtors. The Court retains the ability to modify the scope of the Replacement Lien to the extent necessary to prevent an unjust enrichment to AHS or its affiliates or assignees, and the rights of all parties-in-interest in connection with any request for such modification are reserved.

3.  Subject to the provisions of paragraph 2 above, this Order shall be sufficient and conclusive evidence of the creation, validity, enforceability, perfection, and priority of the Postpetition Liens, without the necessity of filing or recording any financing statement or other instrument or document, or taking any other act which may otherwise be required under state or federal law, rule or regulation of any jurisdiction to validate or perfect the Postpetition Liens or to entitle AHS to the priority granted herein. In addition to and without limiting the foregoing, the Debtors shall execute such instruments as AHS may so request to evidence, perfect, enforce or protect the priority of the Postpetition Liens as a matter of non-bankruptcy law, and AHS is hereby authorized to file financing statements with respect to the Postpetition Liens in any recording office. All filing officers are hereby directed to accept a certified copy of this Order for filing and recording in lieu of a UCC financing statement and no such filing or recording of any instrument otherwise necessary or desirable to evidence, perfect, enforce or protect the priority of the Postpetition Liens under non-bankruptcy law shall constitute a violation of the automatic stay or otherwise act to limit the terms of this Order.

4. The Debtors shall continue to deposit on a quarterly basis interest into a separate, interest bearing escrow account maintained in the name of the Midway Games, Inc., in an amount equal to accrued and unpaid interest at the non-default rate under the Prepetition Facility. All funds deposited into the escrow account shall be subject to any lien of AHS; provided, however, that no funds deposited into such account shall be paid to AHS absent further order of the Court; and provided further, that all parties' rights are reserved with respect to such funds.

5. AHS reserves all rights to reasonably request such financial and operating reports and access to all other books and records of the Debtors (the "Reports") as the Debtors have provided prior to the Petition Date pursuant to the terms of the Prepetition Facility (as defined in the Motion). AHS further reserves all rights to request (i) reasonable access to or copies of the financial records of the Debtors, (ii) reasonable access to the Debtors' premises to inspect the Debtors' assets and operations, and (iii) reasonable access to all information in the possession or control of the Debtors; (iv) reasonable access to the Debtors' personnel and advisors, concerning all matters related to the Debtors, including, without limitation, matters relating to the sale of any Prepetition Collateral in the ordinary course of business of the Debtors.

6. The Debtors shall not reimburse or otherwise pay any fees or expenses incurred directly or indirectly by or on behalf of AHS, or any insider or affiliate of AHS, without a further order of the Court.

7. The Debtors' use of Cash Collateral is not conditioned upon any restriction on the payment of the professional fees and expenses of the Committee that are allowed by the Court after notice and a hearing or as otherwise authorized for payment in

compliance with any order of the Court entered with respect to the payment of professional fees and expenses.

8. The Committee is authorized to investigate, assert and/or prosecute on behalf of the Debtors' estates any and all claims of the estates against any party that arise out of, or relate to (a) any transaction by and between NAI or any of its affiliates or shareholders on the one hand, and any of the Debtors on the other hand, (b) transactions that led to AHS, and/or any of AHS's affiliates, insiders or shareholders, becoming the majority owner of the Debtors and the owner of claims against the Debtors previously held by NAI and (c) any action or omission of any insider or affiliate of the Debtors including, without limitation, NAI, AHS, or any of their respective affiliates, insiders or shareholders, in connection with any of the Debtors.

9. AHS's right to request modification of this Order at a later date and the rights of other parties-in-interest in connection with any such request are hereby reserved.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: April 9, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

LA1:#6402199
RLF1-3385570-2