# DEWEY & LEBOEUF

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092

tel   +1 212 259 6090
fax   +1 212 259 6092
rreinthaler@dl.com

April 20, 2010



**By Federal Express**
Hon. Joseph J. Farnan, Jr.
United States District Judge
United States District Court
District of Delaware
844 North King Street
Room 4209
Lock Box 27
Wilmington, DE 19801

    <u>*In re Midway Games Inc., et al.*, Civil Action No. 09-358 (Bankruptcy Case No. 09-10465, Bankruptcy Appeal No. AP No. 09-32)</u>

Dear Judge Farnan:

    We represent the appellants, William C. Bartholomay, Joseph A. Califano, Jr. and Robert N. Waxman, independent directors (collectively, the "Independent Directors") of Midway Games, Inc. ("Midway," and collectively with its co-debtor subsidiaries and affiliates, the "Debtors"), in connection with their appeal (the "Appeal") from the Final Order Authorizing Use of Cash Collateral, Granting Adequate Protection and Granting Related Relief ("Final Cash Collateral Order"), entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 9, 2009, in which the Bankruptcy Court, among other things, granted the Official Committee of Unsecured Creditors of Midway Games, Inc. (the "Committee") derivative standing to investigate, assert and/or prosecute claims on behalf of the Debtors' estates against "any party," including, *inter alia*, the Independent Directors.

    We write, at the request of the Case Manager assigned to the Appeal, Deborah Krett, to apprise the Court of the status of the Appeal and related adversary proceeding that was commenced against the Independent Directors by the Committee. Shortly after the Notice of Appeal was filed, the Appeal was assigned to John Adams Kerns, Jr., as mediator, pursuant to the Order of the District Court dated July 23, 2004, establishing mandatory mediation procedures applicable to all appeals to the District Court from the Bankruptcy Court. During the pendency of the mediation, the Independent Directors filed a motion in the Bankruptcy Court under Fed. R.

Civ. P. 12(b)(6) and Bankruptcy Rule 7012, seeking dismissal of all claims asserted against them by the Committee for failure to state a claim. By opinion and order dated January 29, 2010 (the "Dismissal Order"), the Bankruptcy Court granted the Independent Directors' motion to dismiss in all respects. The Committee did not file a notice of appeal from the Dismissal Order, however, nor was it in a position to do so, given that the Bankruptcy Court had declined to dismiss certain other claims asserted by the Committee against other defendants in the adversary proceeding.

Following entry of the Dismissal Order, counsel for the Independent Directors and counsel for the Committee entered into discussions that led to an agreement to resolve all remaining issues between the Committee and the Independent Directors, the terms of which were then incorporated into the Debtors' Chapter 11 Plan of Reorganization (the "Debtors' Plan"). A hearing to consider and approve the Debtors' Plan has been set by the Bankruptcy Court for May 21, 2010. If the Debtors' Plan is approved and confirmed that day (and becomes final and non-appealable 14 days later), the Independent Directors will promptly withdraw their Appeal as moot. We have no reason to believe there will be any objection to, or delay in confirmation and consummation of, the Debtors' Plan.

Please let me know if Your Honor has any questions regarding the status of this matter.

Respectfully,

Richard W. Reinthaler

cc: John Adams Kerns, Jr., Esq. (by email)
Jon Abramczyk, Esq. (by email)
David Zolkin, Esq. (by email)
Marc Richards, Esq. (by email)
Michael DeBaecke, Esq. (by email)
Timothy Karcher, Esq. (by email)

RWR: da